## KELLEY v. OREGON.

ERROR TO THE SUPREME COURT OF THE STATE OF OREGON.

No. 827.   Argued March 9, 1927.—Decided April 11, 1927.

1. Contentions that a defendant, tried for murder, was deprived of rights under the Federal Constitution (due process of law,) by a charge of the state court concerning self-defense and by being kept in custody in and out of the court room during the trial, are frivolous.  P. 590.
2. The proposition that, under the Fourteenth Amendment, one who has committed a murder while serving a term of imprisonment in a state penitentiary has a vested right to serve out his term before he can be executed for the murder, is likewise frivolous.  P. 591.

Writ of error to 118 Ore. 397, dismissed.

ERROR to a judgment of the Supreme Court of Oregon sustaining a death sentence for murder.  In one aspect of the case the writ of error is treated as an application for certiorari; which is denied.

*Mr. Will R. King* for plaintiff in error, submitted.

*Mr. John H. Carson,* with whom *Mr. Willis S. Moore* was on the brief, for defendant in error.

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

Ellsworth Kelley, plaintiff in error, James Willos and Tom Murray were jointly indicted by the grand jury of Marion County, Oregon, for the crime of murder in the

first degree, under the provisions of § 1893, Oregon Laws, as follows:

"If any person shall purposely, and of deliberate and premeditated malice, or in the commission or attempt to commit any rape, arson, robbery, or burglary, kill another, such person shall be deemed guilty of murder in the first degree."

At the time of the commission of the crime set forth in the indictment, Kelley and the two others accused with him were prisoners in the Oregon State Penitentiary at Salem, Oregon, and the crime was committed by them in their escape from that institution. John Sweeney, named in the indictment, was a guard at the institution and was slain in his attempt to prevent the escape.

The plaintiff in error was arraigned upon the indictment in the manner prescribed by the laws of Oregon, and upon such arraignment he entered a plea of not guilty to the indictment. He and Willos were tried together. The cause came on regularly for trial. The jury returned into court a verdict of guilty as charged in the indictment, without recommendation. On October 30, 1925, plaintiff in error was sentenced to pay the penalty of death as by the law provided. Judgment was entered on the same day. Appeal was taken by the plaintiff in error to the Supreme Court, which affirmed the judgment of the trial court (*State* v. *Kelley*, 118 Ore. 397), and denied two petitions for rehearing. Thereupon the case came here upon writ of error allowed by the Chief Justice of the State Supreme Court.

An examination of the record satisfies us that there is really no federal question in the case, and that the errors assigned purporting to raise questions under the Constitution of the United States are frivolous. An example of these may be given in the assignment of error that the rights of the defendant under the Federal Constitution were invaded by the charge of the court on the question

of self-defense. It is difficult to see how, in any aspect of it, such a question could involve issues under the Federal Constitution, and certainly they do not here.

Another assignment of error is to the fact that the plaintiff in error was constantly in the custody of the warden of the penitentiary, inside and outside of the court room, during the trial. It is argued that he was entitled to be free from any custody, in order that he might fully make his defense, and that this deprived him of due process. It is a new meaning attached to the requirement of due process of law that one who is serving in the penitentiary for a felony and while there commits a capital offense must, in order to secure a fair trial, be entirely freed from custody. *Ponzi* v. *Fessenden,* 258 U. S. 254, 265; *State* v. *Wilson,* 38 Conn. 126. There is no showing that he had not full opportunity to consult with counsel or that he was in any way prevented from securing needed witnesses. The assignment is wholly without merit.

Finally, it is objected that as the plaintiff in error was under sentence to confinement in the penitentiary for twenty years, which had not expired when he committed this murder, he could not be executed until he had served his full term.

Answering this objection, the Supreme Court of Oregon said:

"As stated, the defendants are both convicts imprisoned in the Oregon state penitentiary and it seems from the testimony that they had escaped from prison in other jurisdictions. The defendants claim that the sentence of death imposed upon them by the judgment of the court is forbidden by Section 1576, Or. L., reading thus.

" ' If the defendant is convicted of two or more crimes, before judgment on either, the judgment must be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of such crimes; and if the defendant be in imprisonment upon a

previous judgment on a conviction for a crime, the judgment must be that the imprisonment must commence at the expiration of the term limited by such previous judgment.'

"Their theory seems to be that owing to the fact of each of them being then under sentence to imprisonment for other offenses, the trial court had no jurisdiction to punish them for a crime committed while the pending imprisonment was in force. It will be noted that the section just quoted refers only to imprisonment and not to the penalty of death or fine. The section does not purport to exempt a defendant from trial and judgment for the commission of any crime during his confinement in the penitentiary. It would be shocking to all sense of justice and public security to say that a criminal confined in the penitentiary as punishment for his misdeeds could be licensed to commit other crimes with immunity; yet, that is the conclusion to which the argument of the defendants' counsel will lead. If the jury had found such a verdict as would authorize their imprisonment, the section quoted would be the authority for the court to declare that the latest imprisonment should begin at the expiration of the term then being served by the defendants. The punishment of death is an entirely distinctive thing and is not included in the provisions of this section."

It is contended that this construction of the statute, in permitting one who has committed a murder while a convict in the penitentiary to be executed before his term has expired, deprives him of a right secured by the Fourteenth Amendment, in that due process of law secures to him as a privilege the serving out of his sentence before he shall be executed. It is doubtful whether this exception and assignment can be said to be directed to a ruling of the Supreme Court of Oregon such as to draw in question the validity of a statute of Oregon on the ground of its repugnancy to the Constitution, treaties or laws of the

United States and sustain it, as required in § 237a of the Judicial Code, as amended, c. 229, 43 Stat. 936, 937, permitting a writ of error. But assuming that it does, or, if not, treating the writ of error as an application for certiorari, there is not the slightest ground for sustaining the assignment.

A prisoner may certainly be tried, convicted and sentenced for another crime committed either prior to or during his imprisonment, and may suffer capital punishment and be executed during the term. The penitentiary is no sanctuary, and life in it does not confer immunity from capital punishment provided by law. He has no vested constitutional right to serve out his unexpired sentence. *Chapman* v. *Scott,* 10 Fed. (2d) 690, affirming the same case, 10 Fed. (2d) 156; *Ponzi* v. *Fessenden,* 258 U. S. 254; *Rigor* v. *State,* 101 Md. 465; *State* v. *Wilson,* 38 Conn. 126; *Thomas* v. *People,* 67 N. Y. 218, 225; *Peri* v. *People,* 65 Ill. 17; *Commonwealth* v. *Ramunno,* 219 Pa. St. 204; *Kennedy* v. *Howard,* 74 Ind. 87; *Singleton* v. *State,* 71 Miss. 782; *Huffaker* v. *Commonwealth,* 124 Ky. 115; *Clifford* v. *Dryden,* 31 Wash. 545; *People* v. *Flynn,* 7 Utah 378; *Ex parte Ryan,* 10 Nev. 261; *State* v. *Keefe,* 17 Wyo. 227, 252; *Re Wetton,* 1 Crompt. & J. 459; *Regina* v. *Day,* 3 F. & F. 526.

> *The writ of error is dismissed and the certiorari is denied.*