The People of the State of New York ex rel. Edward E. Haines, Respondent, *v.* William Hunt, as Warden of Great Meadow Prison, Comstock, New York, Appellant.

Third Department, May 16, 1930.

*Hamilton Ward, Attorney-General [William B. Zimmer, Assistant Attorney-General, of counsel], for the appellant.*

No appearance for respondent.

HINMAN, Acting P. J.   The relator was convicted in December, 1925, of the crime of burglary, third degree, on a plea of guilty.   He was not indicted, but on his own application authorized an information to be filed against him under section 222 of the Code of Criminal Procedure (as amd. by Laws of 1925, chap. 597; since amd. by Laws of 1927, chap. 597), upon which he was arraigned before a Supreme Court justice and pleaded guilty and was sentenced.   He was later resentenced for five years upon discovery that he had previously been convicted of a felony.   On April 14, 1928, he escaped from Great Meadow Prison.   On November 20, 1928, the Court of Appeals, in the case of *People ex rel. Battista* v. *Christian* (249 N. Y. 314), held that section 222 of the Code of Criminal Procedure was unconstitutional in so far as it applied to a " capital or otherwise infamous crime," such as burglary.   The court held, however, that one so arraigned and sentenced, on a plea of guilty, has not been placed in jeopardy and no obstacle exists to the consideration by a grand jury of the charge against him.   On the 7th of May, 1929, after the relator had been duly indicted for the crime of escape (Penal Law, § 1694, as amd. by Laws of 1920, chap. 865; since amd. by Laws of 1929, chap. 240), he was arraigned before the County Court of Washington county and on a plea of guilty was sentenced to prison for seven years for that offense.   On the 3d of July, 1929, the relator obtained a writ of habeas corpus returnable before the county judge of Washington county and he was discharged from custody under the commitment of burglary, third degree, on the ground that he had been illegally convicted, but he was remanded to the custody of the prison to serve out his term under the conviction for the crime of escape.   On the 30th day of July, 1929, pursuant to a petition verified on the 16th of July, 1929, the relator again obtained a writ of habeas corpus returnable before a Supreme Court justice, at which time he was discharged from prison and from the judgment of conviction for the crime of escape.   This was apparently ordered on the theory that relator could not be convicted of the crime of escaping from prison in view of the fact that section 222 of the Code of Criminal Procedure had been held unconstitutional in relation to his former conviction and that he was being illegally detained at the time of his escape.   This is an appeal from that order.

We think the order cannot be sustained.   It was the duty of the relator to submit to confinement under the burglary charge

until discharged by due process of law. His remedy was to apply for release from prison on habeas corpus. To say that a prisoner may legally escape from prison on the theory that he was being illegally detained is to strike a blow at the very foundation of law and order. It seems to me that no cases need be cited. One is cited, however, by appellant (*Kelley* v. *Meyers*, 124 Ore. 322; 263 Pac. 903).

An escape is a substantive offense and the punishment thereof is not merely incidental to the punishment for the offense for which the prisoner may have been confined. It is defined in our Penal Law in section 1694 as follows: "A prisoner who, being confined in a prison, or being in lawful custody of an officer or other person, by force or fraud escapes from such prison or custody, is guilty of felony if such custody or confinement is upon a charge, arrest, commitment, or conviction for a felony. * * *." Even if we assume that " confined in prison " means lawfully confined in prison, the interpretation of that statute was one of law for the County Court of Washington county at the time when the relator was arraigned and pleaded guilty and was sentenced for seven years' imprisonment for the crime of escape. Whether the relator had in fact escaped from prison " by force or fraud " was a question of fact, which was settled by the plea of guilty. " The cause was in the precise situation, as far as the power to pronounce sentence was concerned, as though a verdict of guilty had been rendered by a jury." (*People ex rel. Hubert* v. *Kaiser*, 150 App. Div. 541, 548.) " The writ of habeas corpus is not, and never has been, a writ of review. Its sole function is to relieve from unlawful imprisonment. And the sole inquiry upon it is whether the mandate or the judgment, by virtue of which the prisoner is detained, is void. Where it appears that the prisoner is detained by virtue of a final judgment of a court of competent jurisdiction, the court or the judge has no alternative but to remand the prisoner, unless it affirmatively appears that there was an utter want of power or jurisdiction to render the judgment. Every presumption must be indulged in support of the judgment. Error or the abuse of discretion in the exercise of jurisdiction does not constitute the want of jurisdiction." (*People ex rel. Hubert* v. *Kaiser, supra,* 550; *People ex rel. Scharff* v. *Frost,* 198 N. Y. 110; *People ex rel. Tweed* v. *Liscomb,* 60 id. 559.) The relator was regularly convicted and sentenced for the crime of escape, upon indictment and plea of guilty in a court of competent jurisdiction; and if he had any remedy barring judgment of conviction for that offense such remedy was by motion in arrest of judgment or by appeal from the judgment. Under these circumstances the relator has mistaken his remedy and has not shown

himself to be entitled to release from custody by habeas corpus. There was no alternative but to remand the prisoner.

The order should be reversed and the relator remanded to the custody of Great Meadow Prison, to serve out his term under the judgment of conviction of May 7, 1929, for escape.

DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Order reversed on the law and relator remanded to the custody of the warden of Great Meadow Prison, Comstock, N. Y., to serve out his term under the judgment of conviction of May 7, 1929, for escape.