### Application of BUCHALTER.

District Court, S. D. New York.

March 1, 1944.

Affirmed Mar. 2, 1944.

See 141 F.2d 259.

James B. M. McNally, U. S. Atty., of New York City, Nathaniel L. Goldstein, Atty. Gen., of New York, and Thomas Craddock Hughes, Dist. Atty., of Brooklyn (Richard J. Burke and Peter J. Donoghue, Asst. U. S. Attys., and William F. McNulty, all of New York City, of counsel), for the Government.

J. Bertram Wegman and I. Maurice Wormser, both of New York City, for petitioner.

GALSTON, District Judge.

The power of the Court is defined in Title 28, United States Code, Annotated, Section 455, which provides that the Court or Justice or Judge to whom such application is made shall forthwith award a writ of habeas corpus unless it appears from the petition itself that the party is not entitled thereto.

Now, there is a decision reported in the case of Ex parte Zimmerman, 9 Cir., 132 F.2d 442, wherein it is said that the writ ought not to be awarded if the Court upon examination of the petition is satisfied that the petitioner would be remanded to custody. And I cite also the case of Meeks v. Kaiser, 8 Cir., 125 F.2d 826.

Examining the petition for the purpose of determining whether the relator is entitled to the issuance of a writ, as Mr. McNally has stated the essence of the presentation is found in paragraph 8 of the petition, and that reads:

"It appears, therefore, that the Attorney General of the United States without right or authority therefor and without the intervention of a pardon or commutation by the President of the United States has undertaken to terminate the sentence imposed upon your petitioner by this Court and to abandon and give up custody of your petitioner to the authorities of the State of New York for execution of the sentence imposed upon your petitioner in the proceedings in the State courts of the State of New York. Your petitioner urges that the proceedings prior to the trial of your petitioner upon said indictment of murder in the first degree, upon the trial thereof, and subsequent to the trial thereof had been such as to deprive your petitioner of due process of law."

I interpolate the remark that even on the argument of counsel he admitted in answer to the Court's question that there was no constitutional right involved, so I do not understand what right is referred to as having been violated under the term "due process of law" in the 8th paragraph.

I continue the reading of the allegations of the 8th paragraph:

"that your petitioner's present incarceration and imprisonment in a State prison is in derogation of and in violation of your petitioner's lawful rights; that the delivery of the custody of your petitioner by the Attorney General of the United States to the State authorities, not as a Federal prisoner to be held in the custody of the State authorities, but as a State prisoner for the execution of the State sentence, is in excess of the authority granted by law and by the Constitution of the United States to the Attorney General of the United States, is an invasion of the constitutional powers of the President of the United States and accordingly an unlawful exercise of power by the Attorney General of the United States; that by reason and virtue of the aforesaid conduct of the Attorney General of the United States your petitioner has been deprived of an opportunity to be heard by the said Attorney General of the United States, to oppose the recommendation for the issuance of a commutation of the sentence imposed by this Court upon your petitioner, or any pardon of the offenses of which your petitioner was convicted, and likewise and moreover the action of the Attorney General of the United States has deprived your petitioner of the opportunity and the right to apply for a hearing by the President of the United States before action is taken by the President of the United States under the power and authority granted to the President of the United States by the United States Constitution, to grant a pardon for the offenses committed by your petitioner or to commute the sentence imposed by this Court."

Of course as Mr. Wegman very commendably admitted in the course of his argument the only thing complained of here is that the Attorney General turned the relator over to the custody of the State authorities without, so to speak, the sanction of the President of the United States. Well, that under the authorities does not seem to have been an invasion of the relator's rights; and in scrutinizing this petition for the purpose of determining whether a writ shall issue one is confined to the consideration and weighing of the relator's rights.

In the case of Chapman v. Scott, 2 Cir., which has been referred to and which is reported in 10 F.2d 690, 691, the opinion of the Court includes this passage: "We need not consider the effect of the commutation granted or the refusal to accept it. It is sufficient that the state of Connecticut had jurisdiction to prosecute the plaintiff in error for the crime of murder." And then there follow some citations. Then the Court continues: "A prisoner may not, with impunity, commit another and more serious crime, and say he is protected from trial and punishment. The alleged disability of his first sentence will work no such handicap to law enforcement. Convicts, like others, are amenable to the law and its penalties. Punishment for crime is general and applies to all. The prisoner has no right to demand which sentence be satisfied first."

That is the only subject that I have to consider here. That case is cited in a very important case to which Mr. McNally referred, Kelley v. Oregon, reported in 273 U.S. 589, at page 593, 47 S.Ct. 504, at page 505, 71 L.Ed. 790, the opinion reads:

"A prisoner may certainly be tried, convicted, and sentenced for another crime, committed either prior to or during his imprisonment, and may suffer capital punishment and be executed during the term. The penitentiary is not a sanctuary, and life in it does not confer immunity from capital punishment provided by law. He has no vested constitutional right to serve out his unexpired sentence."

That is the crux of the matter, and accordingly I must decline to grant the prayer of the petition.