441 P.2d 764

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Johnny LOPEZ, Defendant-Appellant.**

**No. 8406.**

Supreme Court of New Mexico.

June 10, 1968.

Peter M. McDevitt, Gallup, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

MOISE, Justice.

Petitioner appeals from an order denying him relief as sought in a petition filed pursuant to Rule 93 (§ 21–1–1(93), N.M.S.A. 1953).

The record discloses that the sentence now being attacked was entered October 29, 1965, and was for not less than one year nor more than five years, imposed on a plea of guilty to a charge of escaping from

jail, contrary to § 40A–22–8, N.M.S.A. 1953, which reads:

"Escape from jail consists of any person who shall have been lawfully committed to any jail, escaping or attempting to escape from such jail.

"Whoever commits escape from jail is guilty of a fourth degree felony."

It appears that on September 27, 1965, while petitioner was serving a sentence in jail for violation of municipal ordinances against drunkenness and escape from jail, he was taken to a meeting of Alcoholics Anonymous conducted for city jail inmates in the police magistrate's court room in the same building where the jail is located, and that when the meeting was over petitioner and other prisoners left the building. Petitioner returned five hours later. The charge under § 40A–22–8 was then filed. Petitioner waived counsel and a preliminary hearing in justice of the peace court and was bound over to the district court for trial. Upon appearing in district court, the following occurred:

"THE COURT: We'll proceed to an arraignment on Cause 3011, State versus Johnny Lopez first. Who is Johnny Lopez?

"MR. LOPEZ: Me.

"THE COURT: Mr. Lopez, come forward. Mr. Lopez, do you understand English all right?

"MR. LOPEZ: Yes, sir.

"THE COURT: All right; Mr. Lopez, you are charged in this information which was filed on October 7th with the crime of having violated Section 40A–22–8 of our New Mexico Statutes, and it alleges that you escaped from the jail—it doesn't say what jail, but it says on the 27th of September here in McKinley County. Under the laws of New Mexico, that's a pretty serious offense, running away from jail or running away from custody or anything of that sort. That's a fourth degree felony, and under the laws of New Mexico, if you are convicted of such an offense, that means that you will be subject to a penalty of im-

prisonment in the State Penitentiary of one to five years. That's a pretty long time, and since it is a serious felony, you have a right to a trial by a jury, you have a right to have counsel appointed for you if you can't afford one of your own. You do have a right to hire anybody you want to, of course. If you were to plead guilty, you'd be subject to the same penalty as you would be if you were tried and found guilty. Do you understand that?

"MR. LOPEZ: Yes, sir.

"THE COURT: Do you understand what you are charged with, running away from jail?

"MR. LOPEZ: Yes, sir.

"THE COURT: Escaping from jail on the 27th of September?

"MR. LOPEZ: Yes, sir.

"THE COURT: All right; now, you tell me what you want to do, do you want to have a trial and have counsel appointed for you or do you want to plead guilty or what do you want to do?

"MR. LOPEZ: I just want to waive everything and plead guilty. I don't want no preliminary or no lawyer.

"THE COURT: You don't?

"MR. LOPEZ: Just plead guilty, yeah.

"THE COURT: You know when you plead guilty, why then it's up to the court to go ahead and do what's necessary?

"MR. LOPEZ: Yes, sir.

"THE COURT: All right; Mr. Lopez, the Court is going to accept your plea. I am not going to act on your case until we get some information about you, though. The Court's probation officer, Mr. Tom Lynch, his office is right down the hall here he'll interview you and will also obtain a record of your prior history insofar family and employment, military service, prior convictions and the history of this offense. When that's been done, you'll be brought before the Court and then—with some information, then we'll be able to figure out what's

best for you and the community. All right, that'll be all, Mr. Lopez."

Thereafter, petitioner appeared in court and was given the sentence from which he seeks relief. The trial court held a hearing at which petitioner was present with counsel, and thereupon made findings and conclusions and thereafter an order denying relief was entered. This appeal followed.

Petitioner's first point asserts that his incarceration on a charge of escaping from jail is unlawful because his detention in jail was in violation of his constitutional rights under the Eighth and Fourteenth Amendments to the Constitution of the United States.

Briefly stated, it is petitioner's position that since he is a chronic alcoholic, confining him as a violator of criminal ordinances prohibiting drunkenness amounted to deprivation of his constitutional rights because chronic alcoholism is a sickness and cannot be punished as a crime. He relies on Robinson v. State of California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). That case clearly held that a statute making drug addiction a crime and providing imprisonment for violation inflicts cruel and unusual punishment contrary to the Eighth and Fourteenth Amendments to the United States Constitution. Reliance is also placed on Easter v. District of Columbia, 124 U.S.App.D.C. 33, 361 F.2d 50 (1966), where it was held that chronic alcoholism which deprives a defendant of volition is a defense to a charge of drunkenness. Driver v. Hinnant, 356 F.2d 761 (4th Cir. 1966), is likewise relied on. This case holds that under the rationale of Robinson, supra, the petitioner could not be held to have violated a statute making public drunkenness a crime where he asserted a defense of chronic alcoholism, and he was accordingly entitled to release under a writ of habeas corpus.

■ We do not find it necessary to consider whether there is any merit to the argument that the ordinance was unconstitutionally applied. The general rule would appear to be that so long as the commitment to custody is valid on its face, it is no defense to a charge of escaping jail that the incarceration was based on a violation of a law which was allegedly unconstitutionally applied. See People ex rel. Haines v. Hunt, 229 App.Div. 419, 242 N.Y.S. 105 (1930); Kelley v. Meyers, 124 Or. 322, 263 P. 903, 56 A.L.R. 661 (1928); Annot., 70 A.L.R.2d 1430, 1452 (1960).

Accordingly, petitioner's first point is ruled against him. This is done without reference to the fact that the record discloses that at the time of the escape for which he here seeks relief, he was being held in jail upon another charge of escape. No attack is made upon the validity of that detention and, accordingly, even if there were merit to the claim based upon asserted unconstitutionality, the fact of the second commitment would be sufficient basis for denying the relief sought.

Petitioner's next attack is directed to claimed shortcomings and defects in the information given by the court at the time petitioner waived counsel and pleaded guilty on the escape charge, and that petitioner was thereby deprived of certain of his rights under the Sixth and Fourteenth Amendments to the Constitution of the United States.

■■ We have set forth exactly what transpired when petitioner was before the court for arraignment. The rules applicable for overcoming waiver where a plea of guilty is entered were announced in Moore v. State of Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957), where it was held that petitioner had the burden of showing by a preponderance of the evidence that he did not intelligently and understandably waive his right to counsel. Also, that a finding of waiver is not lightly to be made. See Bouldin v. Cox, 76 N.M. 93, 412 P.2d 392 (1966); Annot., 2 L.Ed.2d 1644, 1650 (1958).

The trial court here found that petitioner was adequately advised in every material respect, and that he had thereupon knowingly and intelligently waived counsel.

With this finding and the conclusion based thereon, we are disposed to agree.

■ Petitioner details four areas in which the court's advice failed to explain certain material considerations, and claims that because of this the waiver was not intelligently made. The four deficiencies are set forth as: (1) failure to make clear that counsel would be provided at public expense and without expense to petitioner; (2) failure to explain that petitioner was entitled to have counsel appointed to advise him at his arraignment as distinguished from representing him at trial; (3) failure to explain the elements of the offense charged; and (4) failure to make inquiry concerning facts whereby possible defenses available to petitioner might have been disclosed. He principally relies on Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), and Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), in support of his position. We are not impressed that any defects in the advice or information given by the judge to petitioner were so serious as in any sense to cause the waiver expressly given by him to be considered as having been made involuntarily or unintelligently. As pointed out in State v. Coates, 78 N.M. 366, 431 P.2d 744 (1967), no hard and fast rule can be laid down as to what must be stated in each case in order to adequately explain a prisoner's rights before permitting him to waive counsel. Each case must be decided on its own peculiar facts which shall include consideration of the background, education, training, experience and conduct of the defendant and should proceed as long and as thoroughly as the circumstances demand. Spanbauer v. Burke, 374 F.2d 67 (7th Cir.1966), cert. den. 389 U.S. 861, 88 S.Ct. 111, 19 L.Ed.2d 127. See also Twining v. United States, 321 F.2d 432 (5th Cir. 1963), cert. den. 376 U.S. 965, 84 S.Ct. 1126, 11 L.Ed.2d 982; Post v. Boles, 218 F.Supp. 658 (N.D.W.Va.1963).

■ The court's finding that the waiver by petitioner was knowingly and voluntarily made is supported by a preponderance of the evidence and, accordingly, should not be interfered with by us. State v. Gilbert, 78 N.M. 437, 432 P.2d 402 (1967).

The judgment appealed from is affirmed.

It is so ordered.

CHAVEZ, C. J., and CARMODY, J., concur.