**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**JUNE 9, 2022**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  38274-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| VICTOR ALFONSO PANIAGUA, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — This appeal requires consideration of one of many consequences attended to the Washington Supreme Court's landmark decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).  The decision held Washington's possession of a controlled substance criminal statute unconstitutional.  In turn, Washington courts have removed, from offender scores, earlier convictions for possession of a controlled substance.  This appeal travels further down the path and asks whether a court should remove, from the offender score, a former conviction for bail jumping when the offender failed to appear at a scheduled hearing while on bail pending charges for possession of a controlled substance.  Based on decisional authority surrounding the law of escape and bail jumping and the purposes behind the bail jumping proscription, we decline to reduce the offender score.

No. 38274-5-III
*State v. Paniagua*

FACTS

In this appeal, Victor Paniagua only challenges his sentence for his 2018 convictions for murder and other crimes. The relevant facts begin, however, with earlier convictions.

In 2007, the State of Washington convicted Victor Paniagua with unlawful possession of a controlled substance. In 2011, the State again convicted Paniagua with possession of a controlled substance and the additional charge of bail jumping. The bail jumping charge arose from Paniagua's failure to appear at a November 9, 2011 omnibus hearing on the 2011 possession charge.

In June 2018, law enforcement responded to the shooting death of Abel Contreras at a Pasco residence. Police spotted Victor Paniagua, who they suspected fled from the abode. Law enforcement spoke with two eyewitnesses, both of whom identified Paniagua as the shooter. Following trial, a jury found Victor Paniagua guilty of second degree murder, second degree assault, unlawful possession of a firearm, and witness tampering. The jury further found that Paniagua committed second degree murder and second degree assault with a firearm.

The trial court calculated Paniagua's offender score at 8 for the murder and assault charges and 7 for the unlawful firearm possession and witness tampering charges. The offender score calculation included one point each for the 2007 and 2011 possession of a

2

No. 38274-5-III
*State v. Paniagua*

controlled substance convictions and one point for the 2011 bail jumping conviction. The court then sentenced Paniagua to 453 months' total confinement.

## PROCEDURE

After the issuance of *State v. Blake*, 197 Wn.2d 170 (2021), Victor Paniagua requested resentencing. With his postsentencing request, Paniagua argued that, pursuant to *Blake*, his two earlier convictions for unlawful possession of a controlled substance and his previous conviction for bail jumping, predicated on one of the possession charges, were void. Thus, the superior court should resentence him after reducing his offender score by three points.

The State agreed to the exclusion of the convictions for possession of a controlled substance from Victor Paniagua's offender score. The State argued that the one point for bail jumping should remain. The superior court agreed with the State and deducted only two points from Paniagua's offender score. The superior court resentenced Paniagua to 412 months' total confinement.

## LAW AND ANALYSIS

Victor Paniagua repeats his worthy argument on appeal. Resolution of the appeal requires rereading of *State v. Blake*, examining Washington's offender score statute, consideration of the use of an unconstitutional conviction for the accused's offender score, assessment of the nature of a predicate crime, parsing of the bail jumping statute, and a review of limited decisions addressing the validity of escape and bail jumping

No. 38274-5-III
*State v. Paniagua*

convictions when the statute under which the offender was charged when jumping bail

was later declared unconstitutional.

We begin with *State v. Blake*, 197 Wn.2d 170 (2021). In 2021 and for many years

preforth, RCW 69.50.4013(1) declared: "It is unlawful for any person to possess a

controlled substance." Based on a reading of the statute, the Washington Supreme Court

earlier ruled that the State need not prove any mens rea or mental state element to secure

a conviction for possession of a controlled substance. *State v. Bradshaw*, 152 Wn.2d

528, 534-35, 98 P.3d 1190 (2004). In *State v. Blake*, the Washington Supreme Court

overruled decades of precedent and held RCW 69.50.4013(1) to violate the due process

clause because the statute penalizes one for passive, innocent, or no conduct without

requiring the State to prove she had a guilty mind.

*State v. Blake* involved a direct challenge to Shannon Blake's conviction for

possession of a controlled substance. The Supreme Court did not address the

ramifications of an earlier conviction for possession being added to an offender's score

for purposes of sentencing for a later crime.

The Washington Supreme Court also did not address, in *State v. Blake*, the

retroactivity of its decision. Nevertheless, the State and other courts have operated on the

assumption that *Blake* should be applied retroactively. If a statute is unconstitutional, it is

and has always been a legal nullity. *State ex rel. Evans v. Brotherhood of Friends*, 41

Wn.2d 133, 143, 247 P.2d 787 (1952). *Blake* represents a new substantive rule decided

4

No. 38274-5-III
*State v. Paniagua*

on constitutional grounds such that it should operate retroactively. *In re Personal Restraint of Ali*, 196 Wn.2d 220, 236, 474 P.3d 507 (2020); *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989).

Victor Paniagua argued before the resentencing court and the State conceded the argument that his 2007 and 2011 convictions for possession of a controlled substance should be removed from his offender score based on *State v. Blake*. The superior court agreed. But this decision by the superior court did not end Victor Paniagua's challenge to his offender score. Paniagua also wants to erase his 2011 conviction for bail jumping because, at the time of his failure to appear, he faced charges for possession of a controlled substance. According to Paniagua, since he should never have been charged in 2011 for possession of a controlled substance, he could not have been convicted of bail jumping. Paniagua characterizes his bail jumping conviction as an unconstitutional conviction. Paniagua repeats these arguments on appeal.

The State does not carry an affirmative burden of proving the constitutional validity of a prior conviction before the State may exploit the conviction during sentencing. *State v. Ammons*, 105 Wn.2d 175, 187, 713 P.2d 719 (1986). Nevertheless, a sentencing court may not consider in the score a prior conviction constitutionally invalid on its face. *State v. Ammons*, 105 Wn.2d 175, 187-88 (1986). Constitutionally invalid on its face means a conviction that without further elaboration evidences infirmities of a constitutional magnitude. *State v. Ammons*, 105 Wn.2d 175, 188 (1986).

5

No. 38274-5-III
*State v. Paniagua*

Victor Paniagua cites *State v. Ammons*, 105 Wn.2d 175 (1986), in support of his argument that his 2011 conviction for bail jumping cannot be included in his offender score. *Ammons* addressed the use of an alleged unconstitutional plea to a crime in an offender score. We do not deem *Ammons* helpful since the decision did not address our underlying question of whether bail jumping requires a predicate crime or whether one can be convicted of bail jumping when held for an unconstitutional crime. We must address the validity of the bail jumping conviction before addressing whether to add any conviction for bail jumping to the offender score.

We next decide whether the bail jumping conviction is invalid on its face. When a defendant is convicted of a nonexistent crime, the judgment and sentence is invalid on its face. *In re Personal Restraint of Hinton*, 152 Wn.2d 853, 857-58, 100 P.3d 801 (2004); *In re Personal Restraint of Thompson*, 141 Wn.2d 712, 719, 10 P.3d 380 (2000); *Jenkins v. Bellingham Municipal Court*, 95 Wn.2d 574, 627 P.2d 1316 (1981). The State did not convict Victor Paniagua of a nonexistent crime when convicting him of bail jumping. The crime remains in existence today. The conviction is not facially invalid.

Victor Paniagua impliedly, if not expressly, contends that charges under a constitutionally valid statute serve as a predicate to a bail jumping conviction. In 2011, the year of Victor Paniagua's conviction, former RCW 9A.76.170 (2001), the bail jumping statute, read in part:

No. 38274-5-III
*State v. Paniagua*

> (1) Any person having been released by court order or admitted to bail with knowledge of the requirement of a subsequent personal appearance before any court of this state, and . . . fails to appear . . . as required is guilty of bail jumping.
>
> . . . .
>
> (3) Bail jumping is:
>
> . . . .
>
> (c) A class C felony if the person was held for, charged with, or convicted of a class B or class C felony.

Former RCW 9A.76.170 does not require that, to be guilty of the crime, the accused must have later been found guilty of the pending charge at the time of release on bail, only that he be under charges at the time of the failure to appear. Thus, a predicate crime does not constitute an element of bail jumping.

*State v. Downing*, 122 Wn. App. 185, 93 P.3d 900 (2004), controls this appeal. The superior court found Robert Downing guilty of bail jumping for his failure to appear for arraignment on charges of unlawful issuance of bank checks (UIBC). The court dismissed all three counts of UIBC, two on double jeopardy grounds and one on motion by the State. The court denied Downing's motion to dismiss the bail jumping charge, however. On appeal, Downing argued that: (1) his bail jumping conviction was invalid, because the trial court dismissed the underlying charges of UIBC; and (2) defense counsel provided ineffective assistance by not moving to dismiss count I, one of the UIBC charges, under the mandatory joinder rules.

7

No. 38274-5-III
*State v. Paniagua*


The *Downing* court first addressed Robert Downing's ineffective assistance of counsel argument and rejected the contention because joinder was not mandatory. This court next considered Downing's challenge to his bail jumping conviction. We wrote:

> There is no serious dispute that the superior court had jurisdiction over the UIBC charges. Indeed, the fact that the court later dismissed the charges does not mean that it lacked jurisdiction to order Downing to appear and answer for those charges, even if his answer could have been that double jeopardy barred further prosecution. We have rejected Downing's argument that Count I would have been dismissed under mandatory joinder but for his counsel's failure to move to dismiss. But even if we were to find Downing's prosecution on Count I invalid on other nonjurisdictional grounds, Downing's argument still fails.

*State v. Downing*, 122 Wn. App. at 193.

In *State v. Downing*, we applied three elements of bail jumping (1) the accused was held for, charged with, or convicted of a crime; (2) the accused possessed knowledge of the requirement of a subsequent personal appearance; and (3) the accused failed to appear as required. Robert Downing did not dispute the three elements of bail jumping. Rather, he argued for an additional implied element: that the charge underlying the bail jumping must be valid at the time the defendant failed to appear. We disagreed:

> No Washington cases squarely address whether the charge underlying an allegation of bail jumping must be valid. But we find the issue sufficiently analogous to charges of escape. In such cases, our courts have rejected arguments that the invalidity of the underlying conviction is a defense to the crime of escape. In a prosecution for first degree escape, the State is not required to prove that a defendant was detained under a constitutionally valid conviction.

*State v. Downing*, 122 Wn. App. at 193.

8

No. 38274-5-III
*State v. Paniagua*

Victor Paniagua argues that the *Downing* court's analysis of whether the charge underlying a bail jumping conviction must be valid is dicta. According to Paniagua, the *Downing* court conclusively decided the case when ruling that joinder was not mandatory and any further discussion was unnecessary. We disagree. The joinder ruling did not resolve the validity of the bail jumping conviction.

Victor Paniagua highlights that the *Downing* court addressed a bail jumping conviction based on charges brought under a valid statute, but later dismissed. He emphasizes that, contrary to *Downing*, the State convicted him of bail jumping while facing charges brought pursuant to an unconstitutional statute. Still, he cites no decision supporting the proposition that being convicted or held, under an unconstitutional criminal statute, renders escaping from jail or bail jumping permissible. To the contrary, under the universal rule, the unconstitutionality of a statute under which the defendant was convicted or charged does not justify escape from imprisonment. *Eaton v. State*, 302 A.2d 588 (Me. 1973); *State v. Lopez*, 79 N.M. 235, 441 P.2d 764, 766 (1968); *People ex rel. Haines v. Hunt*, 229 A.D. 419, 242 N.Y.S. 105 (1930); *Kelley v. Meyers*, 124 Or. 322, 263 P. 903 (1928); W.E. Shipley, Annotation, *What Justifies Escape or Attempt To Escape or Assistance in That Regard*, 70 A.L.R.2d 1430 (1960). We find no decision addressing bail jumping when facing charges under an unconstitutional statute. Nevertheless, we discern no reason to distinguish between a charge for escape and one for bail jumping.

9

No. 38274-5-III
*State v. Paniagua*

We agree with the State that the accused must submit to confinement until discharged by due process of law. *Kelley v. Meyers*, 263 P. 903, 906 (Or. 1928); *People ex rel. Haines v. Hunt*, 229 A.D. 419, 420-21 (1930). His or her remedy is to seek a declaration of the unconstitutionality of the statute, not flee from justice. *People ex rel. Haines v. Hunt*, 229 A.D. 419, 421 (1930). A purpose behind outlawing bail jumping is to effectuate orderly administration of justice. *State v. Henning*, 2004 Wis. 89, 273 Wis. 2d 352, 681 N.W.2d 871, 881-82.

Victor Paniagua relies on our recent decision in *State v. French*, __ Wn. App. 2d __, 508 P.3 1036 (2022). Jarvis French pled guilty to one count of possession of a controlled substance with intent to manufacture or deliver. On appeal, the State argued that the superior court erred by declining to add one point to the offender score as a result of French committing his current offense while on community custody. Because the sentence condition of community custody was imposed on French pursuant to a constitutionally invalid conviction for possession of a controlled substance, this court disagreed. This court followed the precedent of *State v. Ammons*, 105 Wn.2d 175 (1986), which held that a prior conviction based on a constitutionally invalid statute may not be considered when a sentencing court calculates an offender score.

We have already distinguished *State v. Ammons*. We also differentiate between being on community custody for committing a constitutionally invalid crime and bail jumping when held on such a crime. The same considerations of submitting to the

No. 38274-5-III
*State v. Paniagua*

authority of the law, until held unconstitutional, rather than taking the law into one's own hand, do not apply to committing an additional crime while on community custody.

Finally, Victor Paniagua concedes that foreign decisions oppose his contention, but he underscores that he does not seek to vacate his 2011 bail jumping conviction. He only wishes to erase the conviction from his offender score. Paniagua promotes the unfairness of counting the conviction in his score. No decision supports Paniagua's argument, however. To the contrary, RCW 9.94A.525(2)(c) requires this court to include a class C felony conviction in the offender score unless circumstances not found here exist. Paniagua's remedy lies with the legislature, not the courts.

## CONCLUSION

We affirm the superior court's inclusion of Victor Paniagua's 2011 conviction for bail jumping in his offender score and affirm his resentencing.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.

11