## 23821. HARMON v. THE STATE.

SUBMITTED DECEMBER 14, 1966—DECIDED JANUARY 5, 1967.

*Marjorie C. Thurman,* William L. R. Harmon, *pro se,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, Amber W. Anderson,* for appellee.

ALMAND, Justice. At the request of the Governor of Florida, Carl E. Sanders, Governor of Georgia, issued two warrants ordering the arrest and deliverance of the person of William L. R. Harmon to the designated agent for the State of Florida as a fugitive from justice under the Uniform Criminal Extradition Act of 1951 (Ga. L. 1951, p. 726; *Code Ann.* § 44-401 et seq.).

Harmon thereupon filed his petition for the writ of habeas corpus against Ralph Grimes, Sheriff of Fulton County, asserting that his custody was illegal because (a) the warrant charging him with breaking and entering and grand larceny in Polk County, Fla., on February 5, 1965, was not true in that he was in the State of Maryland on that day, and (b) the Florida warrant charging him with the offense of escape was not valid or legal because his sentence had been set aside by the grant of a new trial. After a hearing, his petition was denied, and the appeal assigns error on this order.

The record discloses that every requisite of the Uniform Criminal Extradition Act of 1951 (Ga. L. 1951, p. 726; *Code Ann.* § 44-401 et seq.) was complied with by the Florida authorities. The warrant charges that the crime of breaking and entering and grand larceny was committed in violation of the laws of Florida by Harmon when "he was actually present in Polk County," Fla. This was sufficient to state prima facie that he was a fugitive from justice, notwithstanding his assertions to the contrary. Marbles v. Creecy, 215 U. S. 63, 68 (30 SC 32, 54 LE 92).

Harmon's other contention is that he is not subject to the charge of escape because it is based upon a warrant which shows that while serving the sentence for breaking and entering and grand larceny, he escaped confinement and left the custody of the authorities of the institution, but that subsequent to his escape, he was granted a new trial and thus there could be no valid charge of escape when his confinement was illegal.

There is no merit in this contention. His confinement under the conviction was legal. At the time he was charged with unlawful escape, he was in lawful custody. The grant of a new trial affords no defense to the charge of escape. 27 AmJur2d 857, Escape, Prison Breaking & Rescue, § 14. Annotation, 70 ALR2d 1449, § 11.

The court did not err in remanding the petitioner to the custody of the respondent for his deliverance to the designated agents of the State of Florida.

*Judgment affirmed. All the Justices concur.*