448 P.2d 193

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Patrick Henry HANDRAN, Jr., Defendant-Appellant.**

**No. 10024.**

Supreme Court of Idaho.

Dec. 4, 1968.

Richard E. Weston, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Deputy Atty. Gen., Boise, for respondent.

TAYLOR, Justice.

In September, 1964, defendant (appellant) upon his plea of guilty was adjudged guilty and sentenced to a term of three years imprisonment in the penitentiary for the crime of drawing a check without funds, a crime defined by I.C. § 18-3106.

July 16, 1966, defendant had been given the status of "trusty" and was working as a cook outside the walls of the penitentiary at the new prison site south of Boise. In the late evening of July 16th or early morning of July 17th, Handran left the site without permission. He was apprehended later in the state of Washington and returned to

Idaho. Thereafter, he was charged, tried, and convicted of the crime of escape.[1]

At the trial on the escape charge defendant offered in evidence, as his Exhibit A, copies of the complaint, warrant, and transcript from the justice court, and information and minutes from the district court, all of which are of the records and proceedings on the charge and conviction of the offense of issuing a check without funds. The exhibit was offered for the purpose of proving the claimed invalidity of the original judgment, as a defense to the charge of escape.

The asserted error in the proceedings leading to the conviction of defendant on the charge of drawing a check without funds, was the alleged failure of the court to inform defendant of his right to counsel at the time his plea of guilty was entered. The trial court sustained the state's objection to the admission of the exhibit. On this appeal defendant urges that "The Court erred in sustaining the objections of the Prosecutor to the introduction of evidence of the unlawfulness of Defendant's incarceration."

The ultimate issue here is whether irregularities in the proceedings leading to the conviction upon which appellant was imprisoned may be shown as justification for escape from that imprisonment. On the one hand the Constitutions of the United States and of the State of Idaho guarantee that an individual may not be deprived of his personal liberty except by due process of law. United States Constitution, Amendments 5 and 14; Idaho Constitution, Art. 1, § 13. Idaho Constitution, Art. 1, § 1, provides that:

> "All men are by nature free and equal, and have certain inalienable rights, among which are enjoying and *defending*

*life and liberty,* \* \* \*." (Emphasis added).

From these provisions defendant urges that one held in confinement without due process of law, is justified in escaping. On the other hand, the administration of jails, prisons, and penitentiaries would become impossible, and the danger to custodial personnel, to other prisoners and to the public would become intolerable, if the prisoner, believing himself to be confined without due process, were permitted to assert his right to liberty by means of escape.

■■ The right to liberty ordinarily is adequately protected from deprivation without due process, by judicial proceedings provided by both constitution and statute, such as trial, appeal, post-conviction relief, certiorari, and state and federal habeas corpus. United States Constitution, Art. 3, § 2, Art. 6, § 2; Idaho Constitution, Art. 1, §§ 5, 7, 13; 28 U.S.C.A. §§ 1257, 2241 et seq.; I.C. §§ 19–2801 et seq., 19–4901 et seq.; U.S. S.Ct. Rule 19, 28 U.S.C.A.

The liberty of the individual being thus adequately protected and guaranteed by judicial process, we hold, as do many jurisdictions, that an alleged error or irregularity (here failure to inform defendant of his right to counsel) in judicial proceedings leading to conviction and confinement does not so invalidate the judgment and the confinement as to justify escape. The prisoner's remedy is to seek judicial relief from the claimed illegal incarceration. Kelly v. State of North Carolina, 276 F.Supp. 200 (E.D.N.C.1967); People v. Hinze, 97 Cal. App.2d 1, 217 P.2d 35 (1950); Hamner v. State, 223 A.2d 532 (Me.1966); State v. Goff, 264 N.C. 563, 142 S.E.2d 142 (1965); see Mullican v. United States, 252 F.2d 398, 70 A.L.R.2d 1217 (5th Cir. 1958); Bayless

---

1. "Every prisoner charged with or convicted of a felony who is confined in any jail or prison including the state penitentiary for a term of less than life, or who while outside the walls of such jail or prison in the proper custody of any officer or person, or while at work in any factory, farm or other place without the walls of such jail or prison, who escapes or attempts to escape from such officer or person, or from such jail or prison, or from such factory, farm or other place without the walls of such jail or prison, shall be guilty of a felony, and upon conviction thereof, any such second term of imprisonment shall commence at the time he would otherwise have been discharged." I.C. § 18–2505.

v. United States, 141 F.2d 578 (9th Cir. 1944), cert. den. 322 U.S. 748, 64 S.Ct. 1157, 88 L.Ed. 1580 (1944); Jones v. Hale, 278 F.Supp. 166 (S.D.Ala.1967); People v. Ganger, 97 Cal.App.2d 11, 217 P.2d 41 (1950); State v. Croney, 425 S.W.2d 65 (Mo.1968); State v. Hart, 411 S.W.2d 143 (Mo.1967); State v. King, 372 S.W.2d 857 (Mo.1963); cf. Harmon v. State, 222 Ga. 845, 152 S.E.2d 861 (1967); Henderson v. State, 198 Kan. 655, 426 P.2d 92 (1967); State v. Lopez, 79 N.M. 235, 441 P.2d 764 (1968); State v. Martinez, 79 N.M. 232, 441 P.2d 761 (1968); Kelley v. Meyers, 124 Or. 322, 263 P. 903, 56 A.L.R. 661 (1928); see generally Annot. 70 A.L.R.2d 1430 (1960); 27 Am.Jur.2d, Escape, Prison Breaking, and Rescue, § 9; 30A C.J.S. Escape § 5.

█ Since the alleged irregularity in the proceedings leading to appellant's confinement could not constitute a defense or justification for escape, the trial court did not err in refusing to admit into evidence defendant's Exhibit A.

█ Defendant also urges that, by reason of the same defect or irregularity in the proceedings leading to his conviction and imprisonment, he was not "in proper custody," as that term is used in the escape statute, and for that reason the charge of escape was not established. The applicable wording of the statute is:

"Every prisoner * * * who while outside the walls of such jail or prison in the proper custody of any officer or person, or while at work in any factory, farm or other place without the walls of such jail or prison, who escapes or attempts to escape from such officer or person, * * *." I.C. § 18–2505.

Defendant does not contend that while he was outside the walls of the prison as a trusty, he was not in the proper custody of some officer or person duly charged in that behalf. His contention is that, since his conviction was improperly obtained through the failure of the court to advise him of his right to counsel, the custody from which he had escaped was improper. This is the same contention defendant makes in sup-

port of his assignment that the court erred in rejecting his Exhibit A, which as we have seen is of no avail.

Judgment affirmed.

SMITH, C. J., and McQUADE, McFADDEN and SPEAR, JJ., concur.