HOBSON, Judge.
Appellant Charles Simmons was convicted by a jury and sentenced to seven years imprisonment for harboring an escaped prisoner on January 17, 1971. On February IS, 1974, Simmons filed a motion to vacate and set aside the judgment and sentence on the ground that the conviction of Frank Odell Murphy, the prisoner he allegedly harbored, had subsequently been reversed by the United States District Court, Middle District of Florida. Simmons appeals the order denying the motion without an evidentiary hearing.
We find that oral argument would serve no useful purpose and it is therefore dispensed with pursuant to Rule 3.10(e), Florida Appellate Rules.
At the time Murphy escaped he was a prisoner “convicted and sentenced by the courts and committed to the state prison, prison farm, or penitentiary, or to the custody of the division, as provided by law,” and by his own admission, had served 22 years in prison for second degree murder.
Escape from lawful confinement is a substantive offense in and of itself. State v. Culver, 110 So.2d 674. In Culver the Supreme Court said:
“Even though . . . the conviction under which he was confined at the time of his escape is subsequently reversed or set aside on appeal . . . the prisoner must nevertheless bear the penalty for the separate and distinct offense of escape . . .”
While the precise question involved here was not involved in Culver, and we have been unable to find a Florida case dealing with this question, other jurisdictions have held that the reversal of the conviction under which the prisoner was imprisoned could not affect his crime of escaping. Jones v. State, 1930, 158 Miss. 366, 130 So. 506; Moore v. Commonwealth, 301 Ky. 851, 193 S.W.2d 448, 163 A.L.R. 1134; 70 A.L.R.2d 1430; Harmon v. State, 1967, 222 Ga. 845, 152 S.E.2d 861; Jones v. Hale, S.D.Ala.1967, 278 F.Supp. 166; 27 Am.Jur.2d, Escape, Prison Breaking, and Rescue, § 14.
The other point on appeal has been carefully considered and found to be without merit.
The order appealed is affirmed.
McNULTY, C. J., and GRIMES, J., concur.