789 P.2d 530

STATE of Idaho, Plaintiff–Respondent,

v.

**Jerry Dean MILLS,
Defendant–Appellant.**

No. 17817.

Court of Appeals of Idaho.

April 4, 1990.

Alan E. Trimming, Ada County Public Defender, by Richard D. Toothman, Deputy, Boise, for defendant-appellant. Mr. Toothman argued.

Jim Jones, Atty. Gen., by Michael A. Henderson, Boise, for plaintiff-respondent. Mr. Henderson argued.

BURNETT, Judge.

Jerry Dean Mills stands convicted of escape from the Ada County jail. In this appeal, he asserts that the district court erred by (1) restricting his voir dire of the jury; (2) interrupting his opening statement; (3) requiring his inmate witnesses to wear leg irons while testifying; and (4) altering his proposed jury instruction on the defense of necessity. Mills also asserts (5) that there was insufficient evidence to support the jury verdict. We affirm the judgment of conviction.

The issues are framed by these facts. Mills had been incarcerated at the Ada County jail for several months. Throughout his confinement he had complained repeatedly to the jail staff about severe and

persistent headaches. The staff responded by sending him to a dentist and by arranging frequent appointments with the physician's assistants at the jail, who provided him with Tylenol. When this treatment proved unsatisfactory, Mills was seen by two doctors and a psychiatrist. They diagnosed Mills as suffering severe tension headaches which were not life-threatening. Mills told the jail staff that he was not satisfied with this diagnosis, and that he needed stronger pain medication. Just prior to a scheduled transfer to the Idaho State Correctional Institution (ISCI), Mills escaped. Nine days later he was arrested in Montana for a different crime. Mills was extradited to Idaho where he was charged with escape. He asserted a defense of necessity, but a jury convicted him. He now appeals.

I

Mills first contends that the trial court improperly limited the scope of his voir dire, restricting any meaningful inquiries into the jurors' attitudes on the trustworthiness of penitentiary inmates or on prison medical care. We disagree.

The scope of voir dire is a matter resting in the discretion of the trial court. *State v. Pontier*, 95 Idaho 707, 709, 518 P.2d 969, 971 (1974); *State v. Bitz*, 93 Idaho 239, 243, 460 P.2d 374, 378 (1969). The record reveals that the trial court interrupted defense counsel's questioning of prospective jurors only twice. The first occurred when counsel began to inquire whether the panel would feel biased against Mills because he might have been nearby during a recent prison riot at ISCI. The court again interrupted counsel when he asked a prospective juror about inadequate medical care received by the juror's friend who had been a prisoner of war. Neither of these questions was directly relevant to the case at hand. We conclude there was no abuse of discretion.

II

Mills next contends that the trial court improperly prevented him from setting forth his theory of the case during his opening statement. The Idaho Supreme Court has held that the trial court has discretion to limit the scope of the opening statement. *State v. Griffith*, 97 Idaho 52, 56, 539 P.2d 604, 608 (1975). The proper function of an opening statement is to outline the defense and the evidence that the defendant intends to produce. It is improper to expound legal theories or attempt to instruct the jury on the law governing the case. *State v. Martinez*, 188 Mont. 271, 613 P.2d 974, 982 (1980).

Here, during opening argument, counsel for Mills began to explain a proposed jury instruction when he was interrupted once by the judge and told not to argue the law at that point. There were no other comments by the court during defense counsel's opening statement. We find no abuse of discretion.

III

We next consider Mill's argument that he was unfairly prejudiced when the trial court required his witnesses to wear leg irons while testifying. The decision to require restraints is another matter within the trial court's discretion. *State v. Moen*, 94 Idaho 477, 491 P.2d 858 (1971). Generally, the same considerations which apply to the restraint of a defendant apply to the restraint of the defendant's witnesses. *State v. Crawford*, 99 Idaho 87, 98, 577 P.2d 1135, 1146 (1978).

Our Supreme Court has set forth procedures for the trial judge to use in deciding whether a defendant must be physically restrained during trial. *See Moen*, 94 Idaho at 479–80, 491 P.2d at 860–61. These procedures include a requirement that the court conduct a hearing outside of the presence of the jury, where the defendant is allowed to contest the use of restraints and to suggest less visible alternatives. The trial judge must make a finding on the necessity for the restraints and his reasons for rejecting any suggestions from the defendant. *Id.*

In the case before us, the judge followed the procedures established in *Moen*. Mills called three inmate witnesses. All had

been convicted of felonies, and one had recently been charged with inciting a riot. In a hearing outside the presence of the jury, the state asked to have them shackled. Mills objected to the shackles but did not suggest any less visible means of restraint. The district court concluded that the state's requested security measures were reasonable. The court noted that the witnesses' status as prison inmates would be made known to the jury in any event, as part of their testimony about Mills' escape. Because Mills did not present the judge with less visible alternatives, we find no abuse of discretion.

## IV

■■■ We now turn to the court's instruction on the necessity defense. Mills argued at trial that he escaped to avoid danger to his health. Mills now contends that the jury was misled by the instruction given. When we review a jury instruction, we pay careful attention to the language used and consider how reasonable jurors would interpret it. *State v. Gilman,* 105 Idaho 891, 896, 673 P.2d 1085, 1090 (Ct. App.1983) (review denied). In addition, we review the instructions as a whole to determine whether they correctly state the applicable law. *State v. Lankford,* 113 Idaho 688, 694, 747 P.2d 710, 716 (1987).

The instruction at issue here was the following:

A person who is in a situation where it appears that he is in real danger has the right to act upon appearance, *providing his apprehension of danger is such as would appear to a reasonable person under like or similar circumstances,* even though such appearance may prove to be wrong.

Mills challenges the phrase "providing his apprehension of danger is such as would appear to a *reasonable* person." He contends that the instruction served as an invitation for the jury to discount the veracity of Mills and his witnesses. We disagree. The instruction does no more than explain to the jury the well settled principle that the necessity defense (in the escape context) is governed by an objective, not a subjective, standard. *See, e.g., State v. Stuit,* 176 Mont. 84, 576 P.2d 264 (1978); *People v. Condley,* 69 Cal.App.3d 999, 138 Cal.Rptr. 515 (1977); *People v. Lovercamp,* 43 Cal.App.3d 823, 118 Cal.Rptr. 110 (1974). The instruction simply and properly informed the jury that a necessity defense would be available only if a reasonable person in Mills' same situation would have believed he was in danger. We find no error.

## V

■■■ Finally, Mills contends there was insufficient evidence to sustain the jury verdict. Appellate review of the sufficiency of the evidence is limited in scope. *State v. Decker,* 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). A judgment of conviction, entered upon a jury verdict, will not be set aside where there is substantial evidence upon which any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Filson,* 101 Idaho 381, 386, 613 P.2d 938, 943 (1980). "[W]e are precluded from substituting our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence." *State v. Campbell,* 104 Idaho 705, 718–19, 662 P.2d 1149, 1162–63 (Ct.App. 1983). Furthermore, we view the evidence in the light most favorable to the respondent. *State v. Fenley,* 103 Idaho 199, 203, 646 P.2d 441, 445 (Ct.App.1982).

Here, the fact of escape was undisputed. Mills' only defense was his claim of necessity. However, there was very little evidence to support this claim. In order to establish the necessity defense, Mills had to show (1) the threat of death or danger of serious imminent harm; (2) the futility of reporting the threat or danger to custodial authorities; (3) avoidance of violence during the escape; and (4) intent to contact another law enforcement agency immediately following the escape. *See, e.g., State v. Urquhart,* 105 Idaho 92, 95–96, 665 P.2d 1102, 1105–06 (Ct.App.1983). In this case

there was no objectively reasonable perception of danger of serious imminent harm. Although medical personnel had failed to allay Mills' concern about his health, the evidence showed that they had made every reasonable effort to do so. In addition, Mills had an opportunity, during a preliminary hearing, to complain to the court about his treatment in jail. He did not do so. Neither did he surrender or report to proper authorities after his escape. Instead he was arrested for another crime in Montana. Moreover, while he was free, Mills did not seek medical assistance, nor did he complain of his headaches to jail personnel in Montana. For all these reasons, we uphold the jury verdict.

The judgment of conviction for escape is affirmed.

WALTERS, C.J., and WESTON, J., concur.